FILED

MAR 1 1 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No. 08MJ8199 |
| Plaintiff, | |
| v. | FINDINGS OF FACT AND ORDER OF DETENTION |
| David ZUNIGA-Gamboa, | |
| Defendant. | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on March 4, 2008, to determine whether defendant David ZUNIGA-Gamboa should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States. Diane Regan, of Federal Defenders of San Diego, Inc., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Officer, and the criminal complaint issued against the Defendant on March 4, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///
///
///
///

I

FINDINGS OF FACT

A.    Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1.  The Defendant is charged in Criminal Complaint No. 08MJ8199 with the importation of 22.94 kilograms (50.46 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960.  Therefore, probable cause exists to believe the Defendant committed the charged offense.

2.    The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801 et seq.).  Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.  See 18 U.S.C. § 3142(e).

3.    The offense carries with it a minimum mandatory 10-year sentence and a maximum life sentence.  See 21 U.S.C. § 960(b)(1)(B).  According to the United States Sentencing Guidelines, the Base Offense level is 34.  See USSG § 2D1.1(3).  Assuming the Defendant's criminal history score places him in Criminal History Category I, See USSG § 4A1.1, the sentencing range for the Defendant is 151-188 months in prison.

B.    Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1.    On March 3, 2008, Defendant was the driver, registered owner and sole occupant of a 1994 Mercury Cougar, as he entered the United States from Mexico, at the Calexico, California, West Port of Entry.  The Defendant claimed 7-month-vehicle ownership.  The Defendant's hands were visibly shaking.  When Customs and Border Protection Officer Mercado tapped the rocker panel of the vehicle with his flashlight, it sounded solid.  The Defendant and the vehicle were escorted to the vehicle secondary area for further inspection.  A Narcotic Detector Dog alerted to the front bumper of the vehicle.  Further inspection of the vehicle resulted in the discovery of two non-factory compartments built into the front fenders and 22.94 kilograms (50.46 pounds) of cocaine were found within the two compartments.

C.    History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):

1.    The Defendant is a citizen of Mexico.

2.    The Defendant resides with his parents, wife and 4 children in Mexicali, Baja California, Mexico.

1          3.     The Defendant is currently unemployed.

2          4.     The Defendant has no legal right to remain or work in the United States, as he

3 only possesses a Border Crossing Card.

4     D.     <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>:

5          1.     The government proffered no evidence to suggest that release of the Defendant

6 would pose a danger to any person or the community.

7                                    II

8                         <u>REASONS FOR DETENTION</u>

9     A.     There is  probable cause to believe that the Defendant committed the offense charged in

10 the Criminal Complaint Number 08MJ8199, to wit: the importation of 22.94 kilograms (50.46 pounds)

11 of cocaine in violation of  21 U.S.C. § 952 and 960.

12     B.     The Defendant faces a substantial period of time in custody if convicted of the offense

13 charged in the Complaint.  He therefore has a strong motive to flee.

14     C.     The Defendant has not rebutted the presumption, based upon the Court's findings that

15 there is probable cause to believe that the Defendant committed an offense for which a maximum term

16 of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801

17 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the

18 Defendant at future court proceedings.

19                                    III

20                            <u>ORDER</u>

21    IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

22    IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney

23 General or his designated representative for confinement in a corrections facility separate, to the extent

24 practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The

25 Defendant shall be afforded reasonable opportunity for private consultation with counsel.

26 ///

27 ///

28 ///

1         While in custody, upon order of a court of the United States or upon the request of an attorney

2    for the United States, the person in charge of the correctional facility shall deliver the Defendant to the

3    United States Marshal for the purpose of an appearance in connection with a court proceeding or any

4    other appearance stipulated to by defense and government counsel.

5         THIS ORDER IS ENTERED WITHOUT PREJUDICE.

6         IT IS SO ORDERED.

7         DATED:  3-11-08

8

9

10                                     PETER C. LEWIS
                                       UNITED STATES MAGISTRATE JUDGE

11   Prepared by:

12   KAREN P. HEWITT
     United States Attorney

13

14

15   JOHN F. WEIS
     Assistant U. S. Attorney

16

     cc:   Diane Regan
17         Federal Defenders of San Diego, Inc.

18

19

20

21

22

23

24

25

26

27

28